UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LEO WALKER**                                    **CASE NO. 3:22-CV-03571**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**UNITED SERVICES AUTOMOBILE**                    **MAGISTRATE JUDGE KAY**
**ASSOCIATION**

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 25] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant United Services Automobile Association. The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to a home owned by plaintiff in Ruston, Louisiana. The storms made landfall in Southwest Louisiana on August 27 and October 9, 2020, respectively. Plaintiff filed suit in this court on August 24, 2022, alleging that the residence was insured at all relevant times under a policy issued by USAA and that USAA had failed to timely or adequately compensate him for covered losses. Doc. 1. At that time he was represented by attorneys from the firm of McClenny Moseley & Associates, PLLC ("MMA"), who were subsequently suspended from practice in this district due to their mishandling of hurricane cases. Plaintiff's case was stayed along with others filed by MMA due to irregularities in those cases, including duplicate suits, suits filed against the wrong insurer, suits filed on behalf of parties with no

knowledge of the filing, and suits filed on behalf of parties who had already settled their claims.

New counsel enrolled for plaintiff on July 6, 2023, and the stay was lifted. Docs. 16, 17. Plaintiff filed a Motion to Amend the Complaint, alleging that "[t]he correct insurance company is USAA Casualty Insurance Company or USAA General Indemnity Company or Garrison Property and Casualty Insurance Company," all of which are affiliates of USAA. Accordingly, he sought leave to substitute those entities as defendants. *Id.* USAA opposed the motion, which is still pending before the magistrate judge. It then moved to dismiss the suit, arguing that plaintiff cannot state a claim for relief because none of the other USAA entities issued an insurance policy for the property in question that was in effect at the time of loss. Doc. 25. Plaintiff has filed no opposition and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

In support of its argument that motion, USAA asks the court to take judicial notice of the fact that the alleged entities did not issue a policy covering plaintiff's property for the time of loss. A court may consider matters of which it may take judicial notice in deciding a motion to dismiss. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). Under Federal Rule of Evidence 201, the court may take notice of an "adjudicative fact" if it is "not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).

The court is hesitant to elevate a party's own records to the level of judicial notice, even considering the lack of opposition from plaintiff. Judicial notice under the second category is typically reserved for matters of public record. "For all practical purposes, judicially noticing a fact is tantamount to directing a verdict against a party as to the noticed

fact." *LaSalle Nat. Bk. v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 290 (3d Cir. 2002). The facts submitted for judicial notice here come from an employee of USAA GIC (an affiliate of USAA), who describes his search of records that are not available to the public. These matters may be subject to dispute by an opposing party, even if plaintiff has so far declined to oppose them. Accordingly, the court will instead convert this matter into one for summary judgment. Plaintiff will have additional time to respond to the evidence produced by defendant, and the court may consider it within the scope of Rule 56.

### III.
#### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motion to Dismiss [doc. 25] be converted to a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. Accordingly, plaintiff is granted an additional **30 days** to respond to the motion and defendant will have **7 days** thereafter to file a reply.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of November, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE