UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LEO WALKER** | **CASE NO. 3:22-CV-03571** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court are a Motion to Amend [doc. 23] filed by plaintiff and a Motion for Summary Judgment [doc. 25] filed by defendant United Services Automobile Association. The Motion to Amend is opposed and the Motion for Summary Judgment is unopposed. Doc. 28.

I.
BACKGROUND

This suit arises from alleged Hurricane Laura damage to a home owned by plaintiff in Ruston, Louisiana. The storm made landfall in Southwest Louisiana on August 27, 2020. Plaintiff filed suit in this court on August 24, 2022, alleging that the residence was insured at all relevant times under a policy issued by USAA and that USAA had failed to timely or adequately compensate him for covered losses. Doc. 1. At that time he was represented by attorneys from the firm of McClenny Moseley & Associates, PLLC ("MMA"), who were subsequently suspended from practice in this district due to their mishandling of hurricane cases. Plaintiff's case was stayed along with others filed by MMA due to irregularities in those cases, including duplicate suits, suits filed against the wrong insurer, suits filed on

behalf of parties with no knowledge of the filing, and suits filed on behalf of parties who had already settled their claims.

New counsel enrolled for plaintiff on July 6, 2023, and the stay was lifted. Docs. 16, 17. Plaintiff filed a Motion to Amend the Complaint, alleging that "[t]he correct insurance company is USAA Casualty Insurance Company or USAA General Indemnity Company or Garrison Property and Casualty Insurance Company," all of which are affiliates of USAA. Accordingly, he sought leave to substitute those entities as defendants. *Id.* USAA opposed the motion, which is still pending before the magistrate judge. It then moved to dismiss the suit, arguing that plaintiff cannot state a claim for relief because none of the other USAA entities issued an insurance policy for the property in question that was in effect at the time of loss. Doc. 25. The court converted the motion to one for summary judgment, determining that it relied on evidence outside the scope of a motion under Rule 12(b)(6). Doc. 27. Plaintiff then filed a notice of no opposition. Doc. 28.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go

beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

USAA submits an affidavit from an affiliate employee, who states that he has searched the relevant business records and determined that neither USAA GIC, USAA CIC, nor Garrison issued a policy of insurance to plaintiff for the properties described in the complaint that was in effect at the time of loss. Doc. 25, att. 2. He also attests that plaintiff "did not have a policy in effect through USAA GIC, USAA CIC, and/or Garrison on August 27, 2020." *Id.* Accordingly, plaintiff cannot state a claim against any of these entities for breach of contract or bad faith based on losses incurred from Hurricane Laura.

USAA is therefore entitled to summary judgment on plaintiff's claims and his motion for leave to amend must be denied as futile.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 25] will be **GRANTED** and the Motion for Leave to Amend [doc. 23] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 20th day of December, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**